Next case is Inri Chudik. 2016 2673. Mr. Waltmeyer. Your Honor, may it please the court. In finding Claim 5 anticipated by the Leonard reference, the board erred and should be reversed for at least two reasons. First, Claim 24 of Leonard cannot be long-lastingly fixed to the humoral head as Claim 5 requires because the surface is too smooth. It's a smooth bearing surface that necessarily comprises properties contrary to long-lasting fixation. And the PTO's attempts to fix that platen to the humoral head result in a modification of Leonard not permitted by top lift versus top lift. And second, Platen of Leonard has a stem references numeral 40 and Claim 5 requires no stem. Claim 5 requires that... The purpose is to connect to the other portion of the glenoid, the base glenoid implant and it extends from the main body of the platen and therefore we think it qualifies as a stem. Turning to the long-lasting fixation, the PTO asserts that this bearing surface is configured for long-lasting fixation but it is not. Leonard discloses a glenoid implant, not a humoral implant and it's the opposite bone which the humoral implant moves against in the shoulder socket. And that would seem to be a much stronger argument than the stem. Well, we think both have merit but I think that you're correct that this is an important point. And this surface that is supposed to necessarily comprise smooth and low friction attributes in order for your arm to be moving in a rough surface is the type of thing that you would want if you were looking for long-term fixation, especially for implantation in a person over long periods of time. In any event, you've got to shoulder a big burden in overcoming platenophis, deference, platenophis and facts, don't you? Well, Your Honor, we think that the material for that platen and we think it's clear based on the disclosure in Leonard that because that's a bearing surface that's continually bearing the movement of the humoral head that it necessarily has to be smooth and that trying to modify it to rough it up or do something in that fashion would be a unskilled in the art that's going to take a surface that's designed for ongoing movement and smooth articulation and try to convert it to one that's used for fixation, especially in the case where no stem is provided. You'd want a rough surface and we think that it's well set forth both in Leonard and as we've learned that that platen doesn't have the properties necessary for long-term fixation, particularly on the articulating side. Well, about the humoral versus glenoid point, platenophis talks about being capable of connecting to the other. What's your response on that? Well, Your Honor, we respectfully believe that it's not capable of it and the limitation is that it's long-lasting fixation of the implant and it can't achieve that long-lasting fixation. So, it's just not capable of doing that given the nature of the smooth bearing surface that you would need on the side of the glenoid, which it's disclosed in Leonard. So, we must necessarily have smooth and non-friction surface in order for a long-term movement of your arm at every, you know, it's going to be having friction there. So, and particularly, you know, a surgeon or such isn't going to be taking parts from one type of implant and moving them over and using them on the other side. And so, and they certainly wouldn't be taking surfaces that are designed for ongoing articulation and use those for fixation. They just necessarily have properties that are contrary to that long-term fixation. Again, especially in the case, and as is claimed, in the no-stem configuration, you know, you need something more than a very smooth surface to achieve that long-term fixation. And that's why that platen is not capable. And we don't believe either side of that platen is capable of long-term fixation because the opposite side is a movable surface that moves in relation to the base of that glenoid implant. Next, I'd like to discuss that the PTO is incorrect in its attempts to distinguish toplift. Toplift is not directed to a situation where there was a significant modification. Instead, there was only, as the court characterizes, a slight modification was proposed of the prior art. And the court said that it evidently approached very near the invention there. But still, the court in toplift refused to find an anticipation. And so we think here, again, we have more than a slight modification. The PTO proposed screws at one point, and glue is not going to hold on a surface such as that, or cement, without some modification at least. And even then, it's highly questionable, and we don't think one skilled in the art would take, again, that bearing surface and try to fix it to the other side, try to use it as a long-term fixation surface. And because in that case, the court found that no change of the prior art device was necessary to meet the functional limitations. But here, the PTO proposes to change the structure by using screws or by attempting, again, to use some adhesive, which, again, wouldn't work. But again, those are attempted modifications that are different from Schreiber. Schreiber also notes that the spout there, the prior art, it was mentioned that there was no way limited to an oil spout, whereas the claims there were for a popcorn dispenser. But here, everything suggests in Leonard that you would only use the platen as a glenoid implant. You wouldn't use it on the opposite surface. And so, and third, Schreiber, again, as we said, there's an inherent disclosure. But here, we don't think there's any inherent disclosure because of the properties that are necessary in that surface that has articulation against it ongoing for long periods of time. Return back to the stem. The stem, we think, the stem sets forth is a stem because it has a connecting function to the other portion of the glenoid and because it extends from the main body. Therefore, we think that the board's findings are not supported by substantial evidence and the platen of Leonard cannot be long-lastingly fixed to the humoral head for the reasons that we discussed. Further, we think there's a stem and we think the decision should be reversed. I'll reserve the balance of my time. We will save it for you, Mr. May it please the court, as my opposing counsel has mentioned, there's only two structures in this claim. There's the configured for long-lasting fixation on the humoral head and there's the no stem limitation. Leonard is configured to be long-lasting, for long-lasting fixation on the humoral head because it is shaped in a way that it can be mated onto the humoral head. And the things that he has about why it cannot be, or first of all, not in the claims and there's no showing just because something is smooth that it would be prevented from being fixed onto the humoral head, you know, it could still be cemented onto the head. Their Chudik's invention is cemented onto the humoral head. Chudik also discloses that the... I find this case a little bit confusing. Frankly, the briefs didn't really clarify this very well for me, but is the argument that, or your friend's argument, that Leonard chose the glenoid implant which is going to go into that portion and so that kind of means that there's some other piece that has to be used attached to the humerus to work with Leonard, where there seems like the exact opposite, that theirs attaches to the humerus and doesn't actually tell you how it's going to be attached to the glenoid. So it seems like what they're saying is the smooth surface, I'm looking at figures 3a and 3b of Leonard, you know, whether or not, setting aside whether you can have screws or not, that's not important to me, but that that surface on there would just never be attached to the humerus. It's going to be attached to some other unspecified piece that attaches to the humerus. Does that make any sense? Probably not, but I find this very unclear. Our position is that, you know, it's basically building blocks. I mean, both pieces are between the glenoid and the humerus and the piece of Leonard, Platon 24, can be attached to and prevents it. The claim doesn't require any structure. Wait, what do you mean it can be attached to either side? Well, the claim... The 24 edge doesn't go into the glenoid, does it? The, like, little... Right, it's attached to the base 20, which goes into the glenoid. And then it is, in connection, it's mated to, configured to mate with the humeral head. And so there's nothing about the piece of Leonard that wouldn't meet the configured for long-lasting fixation. There's nothing about this piece in Leonard, which is shown as being mated to the humeral head, that would prevent it from being affixed to the humeral head. And where in Leonard does it show 24 is mated to the humeral head? I mean, figure 4D in 3.11 shows that you have the convex piece of Platon and then you have the concave humeral head. What page were you on? Oh, I'm sorry. Appendix 3.11. The figure 4D, which was, I think, mentioned by the board as well. Okay. And so... Oh, I get it. So... 24 is that little middle piece and it attaches directly to the humeral head. Correct. Okay. If there are no further questions, I'll yield the remainder of my time. Thank you, Ms. Schronfeld. Mr. Waldmeier has six minutes if you need it. Thank you. Getting back to Your Honor's question about fixation, the figure 4D of Leonard, the item 24 there is the same item 24 of figure 3A and 3B. It's still a figure, it's still an item that attaches to the glenoid base and the resected head 12 in figure 4D, again I'm on Appendix 3.11, is resected but it's not fixed to the glenoid. I'm sorry, it's not fixed to Platon 24 because that would result in an operable joint because both sides of the bone, both the base is fixed to the glenoid and the humeral head would be fixed to the Platon and you'd have a locked joint. So all that figure 4D is kind of an abstracted view of one type of deployment of the Platon 24 attached again to the glenoid via the feet and however it's shown in figure 3A and 3B. So there's respectfully... Are you saying that there's something between 24 and 12? No, I'm saying that 24 is fixed to 20 and 12 moves relevant to it. It's resected. It's a little unclear technically why you would do that is to resect the head and then leave it resected while it moves. But it's a proposed method of doing it, I suppose. The bottom line is that Platon 24 is always fixed to the glenoid. It's never fixed in Leonard. Can there be movement between them though? Can there be movement? You're using fixed as though it means basically glued down and immobile, but the examiner didn't include that. The examiner held or factually found that fixed would tell one a skill in the art, remains in place, stays in place, but not necessarily glued down. And so I'm asking you, isn't there movement between 24 and 20? So I'm trying to understand what you mean by fixed. Yes, there is movement between 24 and 20 because it's... So it's not glued, stable, immovable. I mean, if you look at figure 2... So then why couldn't the same be true about 24 and 12? Because 12 is the humoral head. There's no discussion or description of... Basically, 12 moves relative to 24. The humoral head 12 is a bone and it's resected there and it moves relative to 24. 24 has a little bit of movement as shown in figure 1 at appendix 309. You can see the arrow 27 shows there's a little movement of 24 up and down, but it's fixed in there by the side attachments. And then the humoral head is then moving relative to that plate. So these figures 4A through 4E are just abstracted variations of what is shown in detail in figure 1. So the plate in 24 is never in Leonard, never disclosed to be attached, cemented, or in any way connected to the humoral head except however the anatomy would move that against the rotation of the arm. Therefore, again, that's to our point that because that's a smooth bearing surface, and Leonard describes it that way. He says, the head of the humorous generates at the surface 26, and I'm reading at appendix 495 to 496, generates at the surface a shear stress as it tends to move the plate relative to the base. That's because the humoral head is moving against that surface of the platen, which again is connected to the glenoid via the base. Therefore, again, the key feature here is that surface that faces the humoral head is always configured for ongoing movement of the head against it. It has a little bit of movement relative to the base, but it's basically attached to the glenoid side, and it's never fixed long-lastingly. The co-counsel here, opposing counsel, mentioned that there's no limitation, but that's not true. We've said it has to achieve long-lasting fixation of the implant, and that necessarily imparts a structure that the platen 24 of Leonard can't achieve. Therefore, we think the board should be reversed. Thank you, counsel. We'll take the case.